E-FILED
Tuesday, 29 September, 2026 05:11:38 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

**Deke (Hangzhou) E-Commerce Co., Ltd.**

**and**

**Hangzhou Jingshi E-Commerce Co., Ltd.,**

**Plaintiffs,**

**v.**

**CKNAPP Sales, Inc.,**

**Defendant.**

**Case No. 1:26-cv-01424**

**Jury Trial Demanded**

**Equitable Relief Requested**

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 9,757,611 AND DEMAND FOR JURY TRIAL**

Plaintiffs Deke (Hangzhou) E-Commerce Co., Ltd. ("Deke") and Hangzhou Jingshi E-Commerce Co., Ltd. ("Jingshi") (collectively, "Plaintiffs"), for their complaint against Defendant CKNAPP Sales, Inc. ("CKNAPP"), allege as follows:

**Nature of this Action**

1. This is a civil action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 et seq., seeking declaratory judgments of non-infringement and invalidity of U.S. Patent No. 9,757,611 ("the '611 patent") (attached as Exhibit A).

2. Plaintiffs bring this declaratory judgment action because CKNAPP created an actual controversy by asserting the '611 patent against the Accused Products in Amazon Patent

Evaluation Express (“APEX”) proceedings, thereby impairing Plaintiffs’ ability to sell the Accused Products on Amazon.com.

**<u>The Parties</u>**

3. Plaintiff Deke is a company organized and existing under the laws of the People’s Republic of China, with its principal place of business located at Room 202, 2nd Floor, Pioneer Technology Building, No. 298 Weiye Road, Puyan Subdistrict, Binjiang District, Hangzhou, Zhejiang Province, China.

4. Plaintiff Jingshi is a company organized and existing under the laws of the People’s Republic of China, with its principal place of business located at Room 1601, 16th Floor, Pioneer Technology Building, No. 298 Weiye Road, Puyan Subdistrict, Binjiang District, Hangzhou, Zhejiang Province, China.

5. On information and belief, Defendant CKNAPP Sales, Inc. is an Illinois corporation with its principal place of business at 195 East Martin Drive, Goodfield, Illinois 61742.

6. CKNAPP claims to own the ‘611 patent and is the party that submitted the APEX complaints to Amazon.com.

**<u>Jurisdiction and Venue</u>**

7. This action for declaratory judgment arises under the patent laws of the United States, 35 U.S.C. §1, *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over CKNAPP because CKNAPP is an Illinois corporation with its principal place of business in Goodfield, Illinois, within this District.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because CKNAPP resides in this District and a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

## **Factual Background**

### **A. Plaintiffs and the Accused Products**

10. Plaintiffs offer for sale the Accused Products through Amazon.com under Amazon Standard Identification Numbers (ASINs) B0BZ44JNZ2 and B0BM4L4HV6 ("the Accused Products"). The two ASINs correspond to the same product and differ only in color, with ASIN B0BZ44JNZ2 being in white and ASIN B0BM4L4HV6 being in black.

11. The Accused Products are compact pedal exercisers intended for use while a user is seated, including for use beneath a desk or other work surface. An exemplary illustration of the Accused Products is shown in the three pictures below:






**B. The '611 Patent**

12. The '611 patent, titled "Desk Exercise Cycle," issued on September 12, 2017, from U.S. Patent Application No. 14/156,336, filed on January 15, 2014. The specification states that the application claims the benefit of U.S. Design Patent Application No. 29/475,143, filed on November 29, 2013.

13. Claim 1 is the sole independent claim of the '611 patent. Claim 1 recites:

> A motion resistance apparatus, comprising:
>
> a frame including a linear elongate member having opposing elongate member first and second ends;
>
> an elongate support surface engagement member coupled to said elongate member second end in angled relation to said elongate member;
>
> a support member medially coupled between said elongate member second end and said elongate support surface engagement member;
>
> a resistance assembly medially coupled to said elongate member, said resistance assembly having a crank assembly including an axial element capable of rotation about a rotation axis; and
>
> a pair of pedal elements coupled to said axial element, each said pedal element circumscribing a circular path upon rotation about said rotation axis;
>
> wherein said frame engaged to a support surface locates:
>
> said rotation axis of said axial element at a distance from said support surface of not greater than twelve inches; and

> said elongate member first end at a first height and said elongate member second end at a second height which is greater than said first height; and
>
> wherein said elongate member has an angle of inclination in relation to said support surface of not greater than thirty degrees.

**C. Prosecution History and Prior Art**

14. During prosecution, the applicant amended claim 1 to add "linear" to distinguish a prior art reference Biran (U.S. Patent No. 4,390,177) on the ground that "Biran discloses that frame bar 4 is an upwardly-curved frame bar," and added the "not greater than thirty degrees" limitation to overcome another prior art reference. The Examiner allowed claim 1 because "[t]he prior art of record fails to teach or make obvious the combination of limitations," identifying the "linear elongate member," the twelve-inch rotation axis, the higher second end, and the "not greater than thirty degrees" angle as some of the distinguishing features. A copy of the prosecution history is attached as Exhibit B.

15. U.S. Patent Application Publication No. 2004/0116257 A1 ("Balbo"), entitled "Portable Mini Exercise Bike," was published on June 17, 2004. It is therefore prior art to the '611 patent under at least 35 U.S.C. §§ 102 and 103. A copy of Balbo is attached as Exhibit C.

**D. The APEX Proceeding**

16. Amazon.com's APEX program allows a patent owner to assert a utility patent against product listings offered for sale on Amazon.com.

17. On or about June 11, 2026, CKNAPP filed complaints to initiate at least one APEX proceeding asserting claim 1 of the '611 patent against the Accused Products. The complaint IDs include 20808943831, 20743815971, and 20734292751.

18. On or about July 7, 2026, Amazon removed the product listings for the Accused Products under its APEX program.

19. Prior to their listings being removed, Plaintiffs were provided only a single email from Amazon notifying them of one of the complaints, and only a single email from Amazon notifying them of an APEX proceeding. The notices were not seen before the response deadline, and Amazon subsequently removed the product listings.

20. Plaintiffs then promptly took steps to have their product listings reactivated. For example, on or about July 18, 2026, and again on August 3, 2026, Plaintiffs asked Amazon to reactivate the listings. Because the listings had already been removed, however, Amazon informed Plaintiffs that Amazon would not reactivate the product listings absent a court order or CKNAPP's permission.

21. Plaintiffs promptly asked CKNAPP to withdraw its APEX complaints and consent to reactivation of the listings. For example, Plaintiffs wrote to CKNAPP's counsel on August 3, 2026 about this.

22. The parties have spent the last several weeks discussing these issues, but CKNAPP will not agree to the listings being reactivated.

23. Plaintiffs deny that the Accused Products infringe any valid and enforceable claim of the '611 patent and contend that the claims are invalid.

24. CKNAPP's APEX complaints caused removal of the relevant listings and continue to prevent their reactivation, threatening Plaintiffs with the loss of their sales history, search placement, customer goodwill, business opportunities, and other commercial interests associated with the Accused Products.

25. As a direct result of CKNAPP's assertion of claim 1 through Amazon's APEX program, an actual, substantial, immediate, and justiciable controversy exists between Plaintiffs and CKNAPP concerning infringement and validity of the '611 patent.

26. Absent judicial relief, Plaintiffs will continue to face uncertainty concerning their ability to market and sell the Accused Products and the threat of continued enforcement activity based on the ‘611 patent.

27. Plaintiffs therefore had no choice but to file this lawsuit.

**COUNT I**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ‘611 PATENT**

28. Plaintiffs reallege and reincorporate the allegations set forth in paragraphs 1 through 27 as though fully set forth herein.

29. An actual, substantial, immediate, and justiciable controversy exists between Plaintiffs and CKNAPP concerning whether the Accused Products infringe any valid and enforceable claim of the ‘611 patent.

30. Plaintiffs’ Accused Products have not infringed, do not infringe, and will not infringe any claim of the ‘611 patent, directly or indirectly, literally or under the doctrine of equivalents.

31. The Accused Products do not satisfy every limitation of claim 1. By way of example and without limitation, the Accused Products do not include at least “a frame including a linear elongate member having opposing elongate member first and second ends,” or an elongate member having “an angle of inclination in relation to said support surface of not greater than thirty degrees.”

32. The Accused Products employ a frame geometry and support structure materially different from the structure required by claim 1. For example, the relevant member of the Accused Products is not linear, but is curved, as shown in the annotated image below where it has been shaded in green. Specifically, the relevant component of the Accused Products is a trapezoidal structure connected to a separate support structure. Neither the trapezoidal structure itself, nor the combined assembly formed by the trapezoidal structure and the support structure, constitutes "a linear elongate member having opposing first and second ends," as required by claim 1.



33. As another example, the relevant member of the Accused Products has an angle more than 40 degrees, as also shown in the annotated image below. The relevant member of Accused Product does not meet the limitation "elongate member has an angle of inclination in relation to said support surface of not greater than thirty degrees," as required by claim 1.




34. Because the Accused Products do not satisfy at least those limitations, they do not infringe claim 1 literally or under the doctrine of equivalents.

35. Claims 2 through 11 depend directly or indirectly from claim 1. Because the Accused Products do not satisfy every limitation of claim 1, they do not infringe claims 2 through 11.

36. Plaintiffs are entitled to a declaration under 28 U.S.C. §§ 2201 and 2202 that the Accused Products do not infringe and have not infringed any valid and enforceable claim of the '611 patent.

**COUNT II**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '611 PATENT**

37. Plaintiffs reallege and reincorporate the allegations set forth in paragraphs 1 through 27 as though fully set forth herein.

38. An actual, substantial, immediate, and justiciable controversy exists between Plaintiffs and CKNAPP concerning the validity of the '611 patent.

39. The '611 patent fails to meet the requirements for patentability under 35 U.S.C. §§ 102, 103, and/or 112, at least for the reason that the '611 patent is invalid.

40. For example, claim 1 is invalid under 35 U.S.C. § 102 because it is anticipated by prior art including, without limitation, Balbo because Balbo discloses each limitation of claim 1, including, without limitation, a portable mini exercise bike having a straight inclined strut corresponding to the claimed linear elongate member, a base plate engaging the support surface, support components coupled to the strut, a resistance assembly with a rotatable axle, and pedals that circumscribe a circular path during operation.

41. For example, Balbo's FIGS. 22–24 and the related description describe a straight inclined strut (87) (a linear elongate member), a base plate (83) engaging the surface, a prop (91) and a support (88) coupled to the strut, and a rotating axle (35) carrying a pair of pedals that circumscribe a circular path. Balbo's FIGS. 22 and 23 are reproduced below.



FIG.22



FIG.23

42. As another example, claim 1 is invalid as obvious under 35 U.S.C. § 103. For example, each and every limitation of claim 1 is obvious over Balbo because the differences, if any, between claim 1 and Balbo would have been obvious to a person of ordinary skill in the art at the time of the alleged invention.

43. Plaintiffs are entitled to a declaration under 28 U.S.C. §§ 2201 and 2202 that the '611 patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112.

## Demand for Jury Trial

Plaintiffs hereby demand a trial by jury on all issues so triable.

## Relief Requested

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against CKNAPP as follows:

**A.** Declaring that Plaintiffs have not infringed and do not infringe any valid and enforceable claim of the ‘611 patent, directly or indirectly, literally or under the doctrine of equivalents;

**B.** Declaring that the claims of the ‘611 patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112;

**C.** Ordering CKNAPP to withdraw and terminate at least APEX Complaint Nos. 20808943831, 20743815971, and 20734292751 and any other Amazon patent-enforcement proceeding directed to the Accused Products based on the ‘611 patent;

**D.** Enjoining CKNAPP, its officers, agents, servants, employees, attorneys, and all persons acting in concert with CKNAPP from asserting the ‘611 patent against the Accused Products, including through Amazon’s APEX program or a comparable marketplace patent-enforcement mechanism;

**E.** Declaring this action exceptional under 35 U.S.C. § 285 and awarding Plaintiffs their reasonable attorneys’ fees, expenses, and costs; and

**F.** Granting such other and further relief as the Court deems just and proper.

Dated: September 29, 2026

Respectfully submitted,

By:/s/ Michael L. Krashin
Michael L. Krashin
Illinois Bar No. 6286637
mkrashin@bannerwitcoff.com
Banner & Witcoff, Ltd.
71 South Wacker Drive
Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR PLAINTIFFS DEKE (HANGZHOU) E-COMMERCE CO., LTD. AND HANGZHOU JINGSHI E-COMMERCE CO., LTD.**